IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

TRACY L. WALKER,
individually, and as
Personal Representative of
the ESTATE OF LESTER
J. WALKER, JR.,

    Plaintiff,

v.                                CIVIL ACTION NO.:  1:15-2319

THE KAPLAN TRUCKING COMPANY,
an Ohio corporation,
NUCOR CORPORATION d/b/a
NUCOR STEEL BERKELEY,
a Delaware corporation,

    Defendants.

## COMPLAINT

Comes now plaintiff, Tracy L. Walker, individually, and as personal representative of the Estate of Lester J. Walker, Jr., by and through her undersigned counsel, alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. The plaintiff, Tracy L. Walker, individually, and in her capacity as the personal representative of the Estate of Lester J. Walker, Jr., is and at all times relevant herein was, a resident and citizen of the state of Pennsylvania. Plaintiff Tracy Walker is the surviving spouse and a dependent of Lester Walker, a resident and citizen of Pennsylvania, who died on March 1, 2013 in a tractor trailer incident in or near Bluefield, Mercer County, West Virginia. Plaintiff was duly appointed as personal representative of the Estate of Lester Walker by the Fayette County, Pennsylvania Register of Wills on April 1, 2013, attached hereto as *Exhibit 1*.

2. At all times relevant hereto, Defendant, The Kaplan Trucking Company (hereinafter "Kaplan"), is an Ohio corporation with its principal place of business in Cleveland, Ohio. Defendant Kaplan, as an interstate and commercial motor carrier is, and at all times relevant herein was, subject to the jurisdiction of the Federal Motor Carrier Safety Administration ("FMCSA"), the United States Department of Labor Occupational Safety and Health Administration ("OSHA") and the West Virginia Public Service Commission ("WVPSC") and was responsible for compliance with all applicable FMCSA, OSHA and/or WVPSC rules and regulations, including West Virginia Highway Safety statutes, as well as commonly accepted safety practices used in the trucking industry.

3. At all times relevant hereto, Defendant, Nucor Corporation d/b/a Nucor Steel Berkeley, (hereinafter "Nucor") is a Delaware corporation with its principal place of business located in Charlotte, North Carolina. Defendant Nucor is a steel producing and manufacturing company that loads, unloads, controls, supplies and/or services large commercial motor vehicles and trailers which are operated in interstate commerce in various states including the State of West Virginia. As such, Nucor is, and at all times relevant herein was, subject to the jurisdiction of the Federal Motor Carrier Safety Administration ("FMCSA") and the United States Department of Labor Occupational Safety and Health Administration ("OSHA") and was responsible for compliance with all applicable FMCSA and OSHA rules and regulations, as well as commonly accepted safety practices used in the trucking and steel loading industries.

4. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1332 in that there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

5. Venue is proper before this Court since the subject incident resulting in plaintiff's decedent Lester Walker's death occurred within the Southern District of West Virginia in or near Bluefield, Mercer County, West Virginia.

## FACTS

6. At all times relevant hereto, plaintiff Tracy Walker was a contractor for defendant Kaplan through an owner operator agreement. Plaintiff Tracy Walker had an arrangement with defendant Kaplan where her and/or her employee would make trips and deliveries for defendant Kaplan. At all times relevant, defendant Kaplan is and was an interstate trucking company and motor carrier operating under USDOT No. 120670.

7. At all times relevant hereto, plaintiff's decedent, Lester Walker, was formally employed by his wife, plaintiff Tracy Walker, as an interstate and commercial truck driver. Plaintiff Tracy Walker was a sole proprietor through which her husband, Lester Walker, was employed.

8. At all times relevant hereto, plaintiff Tracy Walker owned, operated, controlled and possessed a 2005 Freightliner XLT truck tractor. Plaintiff's decedent, Lester Walker, operated the 2005 Freightliner over interstate highways, making trips and deliveries solely for defendant Kaplan.

9. Lester Walker would transport the loads for defendant Kaplan on a 2005 Reitnouer ST flatbed trailer ("subject trailer") that at all times relevant hereto, was owned and controlled by defendant Kaplan.

10. Since 2010, Lester Walker drove solely for defendant Kaplan, as an employee of plaintiff Tracy Walker, an owner operator for defendant Kaplan. Defendant Kaplan directed and controlled the routes, deliveries, loads and trips made by Lester Walker.

11. Defendant Kaplan, through its agents, representatives, servants and/or employees had a non-delegable duty to provide safety training, safe equipment, and proper load securement devices to plaintiff's decedent, Lester Walker, as a commercial driver for defendant Kaplan through an owner operator, in order to comply with all FMCSA and OSHA safety regulations, as well as all federal and state consensus industry safety standards. This included defendant Kaplan's duty to ensure that Lester Walker received training in the proper securing and rigging of all types of loads and configurations and operating a tractor and flatbed trailer with different loads and configurations.

12. Defendant Kaplan also had a duty to inspect, service, repair, and/or maintain the subject equipment and load securement devices provided to plaintiff's decedent, Lester Walker, necessary to safely and adequately secure a load.

13. Prior to March 1, 2013, defendant Kaplan assigned Lester Walker to make a trip and delivery to Oklahoma. Defendant Kaplan provided Lester Walker with a 2007 International truck tractor for this trip, as the 2005 Freightliner owned by plaintiff Tracy Walker was in the shop for repairs and maintenance. Lester Walker utilized and pulled the same 2005 Reitnouer ST flatbed trailer on this trip in order to transport the loads.

14. Initially, Lester Walker was going to make a single trip and delivery to Oklahoma and return directly home to Pennsylvania. However, during the trip, defendant Kaplan re-routed Lester Walker on multiple occasions assigning him to make several different pickups and deliveries.

15. During this trip, Lester Walker was assigned to transport a massive steel coil from defendant Nucor's facility in Huger, South Carolina and haul it to Ohio. This super single steel coil was not the usual type of load Lester Walker handled, secured, and/or transported on the

subject flatbed trailer. Lester Walker arrived at defendant Nucor's facility with an empty flatbed trailer. Defendant Nucor, by and through its employees and representatives, observed, monitored, controlled and participated in the loading and securing of this massive steel coil onto the subject flatbed trailer.

16. As the entity that provided, manufactured and/or constructed this massive piece of steel coil and as the entity that observed, monitored, controlled and participated in its loading on defendant Nucor's premises, defendant Nucor had a non-delegable duty to ensure that it was properly, adequately and safely loaded and secured for travel, transport and delivery over interstate highways.

17. As the interstate trucking company and federal motor carrier transporting this massive piece of steel coil, defendant Kaplan also had the non-delegable duty to provide the necessary load securement devices and to ensure that its driver, Lester Walker, was properly trained in order to safely secure and transport a load of this size and configuration.

18. On March 1, 2013, plaintiff's decedent, Lester Walker was lawfully operating the 2007 International truck tractor owned by defendant Kaplan northbound on Interstate 77 near Bluefield, Mercer County, West Virginia. Plaintiff's decedent, Lester Walker was transporting the massive single piece of steel coil that he picked up from defendant Nucor's facility in Huger, South Carolina on the subject flatbed trailer.

19. While traveling northbound on Interstate 77 in the left hand lane at approximately 9:01 a.m. around mile marker three (3) in Mercer County, West Virginia, the massive piece of steel coil being transported on the subject flatbed trailer shifted, causing plaintiff's decedent, Lester Walker, to go into the median resulting in both the truck and trailer completely flipping.

20. According to the State of West Virginia Uniform Traffic Crash Report prepared by Sgt. D. W. Miller of the West Virginia State Police, plaintiff's decedent, Lester Walker, had his seat belt on at the time of the crash. Also, all three witnesses interviewed by Sgt. Miller stated that plaintiff's decedent, Lester Walker, was not speeding at the time of the crash and that the load shifted causing the truck to go into the median and flip over.

21. As a direct and proximate result of the wrongful acts and omissions of the defendants, plaintiff's decedent, Lester Walker, was tragically killed and suffered pre-death pain and suffering, impairment and mental anguish.

22. As a direct and proximate result of defendants' acts and omissions which caused the wrongful death of plaintiff's decedent, Lester Walker, on or about March 1, 2013, the defendants are liable to the plaintiff, jointly and severally, for all damages, including but not limited to:

   a. damages for Lester Walker's pain and suffering from the time of the injury to death pursuant to W. Va. Code §55-7-8;

   b. sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the plaintiff's decedent, Lester Walker;

   c. compensation for reasonably expected loss of income and earning capacity of the plaintiff's decedent, Lester Walker;

   d. compensation for reasonably expected services, protection, care and assistance provided by the plaintiff's decedent, Lester Walker;

   e. reasonable funeral and burial expenses; and

   f. other expenses incurred as a result of his wrongful death.

## COUNT I
## NEGLIGENCE – DEFENDANT THE KAPLAN TRUCKING COMPANY

23. The plaintiff repeats and incorporates here by reference, the allegations contained in paragraphs 1 through 22 of this Complaint as if set forth herein verbatim.

24. Defendant Kaplan, as an interstate and federal motor carrier, owed a duty to plaintiff's decedent, Lester Walker, as a driver for defendant Kaplan, pursuant to the FMCSA and OSHA safety regulations, as well as its common law duty to use reasonable and ordinary care. Defendant Kaplan's duties included the following:

- To provide plaintiff's decedent with required safety training, safe equipment, and proper/maintained load securement devices;

- To inspect, service, repair, and/or maintain the subject equipment and load securement devices that defendant Kaplan provided to plaintiff's decedent, Lester Walker, necessary to safely and adequately secure and transport a given load;

- To ensure that plaintiff's decedent received training in the proper securing and rigging of all types of loads and configurations and operating a tractor and flatbed trailer with different loads and configurations, including a load like the massive steel coil plaintiff's decedent was transporting at the time of his death;

- To ensure that plaintiff's decedent was familiar with the methods and procedures for securing the massive piece of steel coil on the subject commercial motor vehicle and flatbed trailer he operated on March 1, 2013;

- To ensure that plaintiff's decedent can, by reason of experience, training, or both, determine whether the load, like the massive piece of steel coil, he transported on March 1, 2013, has been properly located, distributed and secured on the commercial vehicle and flatbed trailer he was operating.

25. Defendant Kaplan negligently, carelessly, and unlawfully breached its duties referenced herein to plaintiff's decedent, Lester Walker, proximately causing the subject incident and Lester Walker's fatal injuries.

26. As a direct and proximate result of defendant's negligent actions and omissions, on and before March 1, 2013, plaintiff's decedent, Lester Walker, suffered pre-death pain and suffering, impairment and mental anguish, and the Estate of Lester Walker and its beneficiaries suffered losses as set forth in West Virginia's Wrongful Death Act, West Virginia Code § 55-7-6(c)(1) and (2).

## COUNT II
## NEGLIGENCE – DEFENDANT NUCOR CORPORATION

27. The plaintiff repeats and incorporates here by reference, the allegations contained in paragraphs 1 through 26 of this Complaint as if set forth herein verbatim.

28. Plaintiff's decedent, Lester Walker arrived at defendant Nucor's facility in Huger, South Carolina with an empty flatbed trailer. Defendant Nucor, by and through its employees and representatives, observed, monitored, controlled and participated in the loading of this massive steel coil onto the subject flatbed trailer. Defendant Nucor, as the entity that provided, manufactured and/or constructed the massive piece of steel coil that plaintiff's decedent, Lester Walker, was transporting at the time of his death, and as the entity that observed, monitored, controlled and participated in its loading on defendant Nucor's premises, owed a duty to plaintiff's decedent, pursuant to the FMCSA and OSHA safety regulations, as well as its common law duty to use reasonable and ordinary care. Defendant Nucor's duties included, but are not limited to, ensuring that the massive piece of steel coil was properly, adequately and safely loaded and secured for travel, transport and delivery over interstate highways.

29. Defendant Nucor negligently, carelessly, and unlawfully breached its duties referenced herein to plaintiff's decedent, Lester Walker, proximately causing the subject incident and Lester Walker's fatal injuries.

30. As a direct and proximate result of defendant's negligent actions and omissions, on and before March 1, 2013, plaintiff's decedent, Lester Walker, suffered pre-death pain and suffering, impairment and mental anguish, and the Estate of Lester Walker and its beneficiaries suffered losses as set forth in West Virginia's Wrongful Death Act, West Virginia Code § 55-7-6(c)(1) and (2).

## COUNT III
## LOSS OF CONSORTIUM

31. The plaintiff repeats and incorporates here by reference, the allegations contained in paragraphs 1 through 30 of this Complaint as if set forth herein verbatim.

32. As a further direct and proximate result of the conduct and actions of the defendants as described herein, the plaintiff, Tracy L. Walker, individually and in her capacity as the personal representative of the Estate of Lester J. Walker, has been deprived of the loss of society, companionship, and consortium of her husband, Lester J. Walker.

**WHEREFORE**, the plaintiff, Tracy L. Walker, individually and in her capacity as the personal representative of the Estate of Lester J. Walker, demands judgment against the defendants, jointly and severally for:

    a.) an amount of compensatory damages as will be determined by a jury according to the laws of the State of West Virginia;

    b.) costs and attorney fees expended in the prosecution of this matter;

    c.) pre-judgment and post-judgment interest as provided under the law; and

    d.) any and all other relief to which the Court deems plaintiff is entitled.

PLAINTIFF DEMANDS A TRIAL BY JURY.

               TRACY L. WALKER,
               individually, and as
               Personal Representative of
               the ESTATE OF LESTER
               J. WALKER, JR.,

               By Counsel

/s/ Timothy C. Bailey
Timothy C. Bailey (WVSB# 5839)
J. Ryan Stewart (WVSB#10796)
BUCCI BAILEY & JAVINS L.C.
Post Office Box 3712
Charleston, West Virginia 25337
Phone: (304) 345-0346
Fax: (304) 345-0375
Tbailey@bbjlc.com
Rstewart@bbjlc.com


Robert F. Daley (WVSB #7929)
Aaron Rihn (WVSB #8736)
Mark D. Troyan (WVSB # 12348)
Robert Peirce & Associates, P.C.
2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219-1918
Phone: (412) 281-7229
Fax: (412) 281-4229
bdaley@peircelaw.com
arihn@peircelaw.com
mtroyan@peircelaw.com

# FAYETTE COUNTY



**REGISTER OF WILLS**
Uniontown, Pennsylvania 15401

## SHORT CERTIFICATE – LETTERS OF ADMINISTRATION

File No.: 2613-0254

COMMONWEALTH OF PENNSYLVANIA  
⎱  
⎰ SS:  
COUNTY OF FAYETTE

I, **Donald D. Redman**, Register of Wills in and for the County of **Fayette**, in the Commonwealth of Pennsylvania, DO HEREBY CERTIFY that on April 1, 2013 LETTERS OF ADMINISTRATION on the Estate of LESTER J WALKER, JR, deceased, were granted to TRACY L WALKER having first been qualified well and truly to administer the same. And, I further certify that no revocation of said Letters appears of record in my office.

Date of Death          March 1, 2013              Given under my hand and seal of office this 1st day of April, 2013

Social Security No.   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

*Donald D. Redman*
_____
Register



**NOT VALID WITHOUT IMPRESSED SEAL**

**EXPIRES 60 DAYS FROM DATE OF ISSUANCE**